1  TRINETTE G. KENT (State Bar No. 222020)
2  3219 E Camelback Road, #588
   Phoenix, AZ 85018
3  Telephone: (480) 247-9644
4  Facsimile: (480) 717-4781
   E-mail: tkent@lemberglaw.com
5
6  Of Counsel to
   Lemberg Law, LLC
7  43 Danbury Road
8  Wilton, CT 06897
   Telephone: (203) 653-2250
9  Facsimile: (203) 653-3424
10
   Attorneys for Plaintiff,
11 Amaka Donn
12
13
                  UNITED STATES DISTRICT COURT
14
                 CENTRAL DISTRICT OF CALIFORNIA
15
                         WESTERN DIVISION
16
17
   Amaka Donn,                       Case No.:
18
             Plaintiff,              **COMPLAINT**
19
20    vs.
                                     **JURY TRIAL DEMANDED**
21
   Jenny Craig, Inc.,
22
23           Defendant.
24
25
26
27
28
                                              COMPLAINT FOR DAMAGES

For this Compliant, Plaintiff, Amaka Donn, by undersigned counsel, states as follows:

## INTRODUCTION

1. Plaintiff brings this complaint for damages resulting from the illegal actions of Jenny Craig, Inc. ("Jenny Craig" or "Defendant"). Defendant sent unauthorized text messages to Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. Wireless spam is a growing problem in the United States. In April 2012, the Pew Research Center found that 69% of texters reported receiving unwanted spam text messages, while 25% reported receiving spam texts weekly. http://www.pewinternet.org/fact-sheets/mobile-technology-fact-sheet/ (last visited February 9, 2016); *see also* Nicole Perlroth, *Spam Invades a Last Refuge, the Cellphone*, N.Y.Times, April 8, 2012, at A1 ("In the United States, consumers received roughly 4.5 billion spam texts [in 2011], more than double the 2.2 billion received in 2009 . . . .").

3. Jenny Craig is an American weight loss, weight management, and nutrition company. The company has more than 700 weight management centers in Australia, the United States, Canada, New Zealand, and Puerto Rico. It has developed a sophisticated multi-platform marketing program to promote its products.

4. Among those platforms used and targeted, are consumers' mobile cellular telephone devices to which Jenny Craig sends Short Message Service ("SMS" or "Text") messages promoting sales, offers, and Jenny Craig services.

5. Defendant did not provide Plaintiff clear and conspicuous disclosure of the consequence of providing it her phone number, *i.e.* that Plaintiff agreed unambiguously to receive automated texts messages from or on behalf of Defendant.

6. The telemarketing messages were sent to Plaintiff's cell phone by or on behalf of Defendant using a fully automated system. The messages were unauthorized and not sent for emergency purposes. Accordingly, Defendant's messages violated the TCPA.

## JURISDICTION

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 751-53 (2012).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because Plaintiff resides in this District and because a substantial part of the events giving rise to the claim occurred in this District.

## PARTIES

9. Plaintiff, Amaka Donn ("Plaintiff"), is an adult individual residing in Lancaster, California, and is a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant, Jenny Craig, Inc ("Jenny Craig"), is a California business entity with an address of 5770 Fleet Street, Carlsbad, California 92008-9446, and is a "person" as defined by 47 U.S.C. § 153(39).

## THE TCPA

11. The TCPA regulates, among other things, the use of automated telephone dialing systems ("ATDS").

12. Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

13. 47 U.S.C. § 227(a)(1) defines an ATDS as equipment having the capacity–

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

(B) to dial such numbers.

14. "Prior express *written* consent" is required before making automated *telemarketing* calls, meaning there must be a written agreement, signed by the person receiving the call or text, with a "clear and conspicuous disclosure" that specifically authorizes the seller to send telemarketing communications using an automatic telephone dialing system or an artificial or prerecorded voice. 47 C.F.R. § 64.1200.

15. The FCC has clarified that text messages qualify as "calls" under the TCPA:

> We affirm that under the TCPA, it is unlawful to make any call using an automatic telephone dialing system or an artificial or prerecorded message to any wireless telephone number. Both the statute and our rules prohibit these calls, with limited exceptions, "to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other common carrier service, or any service for which the party is charged." This encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls, provided the call is made to a telephone number assigned to such service.

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order, 18 FCC Rcd. 14014, 14115 (July 3, 2003); *see Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009).

## FACTUAL ALLEGATIONS

16. Jenny Craig sent automated text messages to Plaintiff's cellular telephone number, XXX-XXX-1401 (the "Number").

17. The texts were telemarketing. They advertised sales and promotions available on Jenny Craig's website.

18. Defendant placed the text messages from an abbreviated phone number known as an SMS short code licensed and operated by Jenny Craig.

19. Defendant's text messages received by Plaintiff were fully automated. The content of the messages received by Plaintiff was not individualized to the Plaintiff in any way. The exact same text messages were automatically sent to thousands of consumers as a part of Defendant's pre-planned telemarketing campaign.

20. The text messages sent to Plaintiff's Number by Jenny Craig advertised the availability of Defendant's products and services and thus constitute 'telemarketing.'

21. Any text messages that Plaintiff sent to Defendant did not provide Defendant prior express written consent to send Plaintiff automated calls as required by the TCPA. Plaintiff was not given clear and conspicuous disclosure that she was consenting to receive fully automated text messages to her cellular phone.

22. The text messages sent to Plaintiff's Number were made with an ATDS as defined by 47 U.S.C. § 227(a)(1). The ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

23. The telephone number messaged by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming messages pursuant to 47 U.S.C. § 227(b)(1).

24. The messages from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I
## Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

25. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

26. Defendant sent multiple automated text messages to Plaintiff's Number without her prior express written consent.

27. Each of the aforementioned messages by Defendant constitutes a violation of the TCPA.

28. Plaintiff is entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II
## Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

29. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

30. Defendant knowingly and/or willfully sent multiple automated text messages to Plaintiff's Number without her prior express consent.

31. Each of the aforementioned messages by Defendant constitutes a knowing and/or willful violation of the TCPA.

32. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant Plaintiff the following relief against Defendant as follows:

1. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other relief as the Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: February 11, 2019              TRINETTE G. KENT

                                                    By:   */s/   Trinette G. Kent*
                                                    Trinette G. Kent, Esq.
                                                    Lemberg Law, LLC
                                                    Attorney for Plaintiff, Amaka Donn